Secretary, Department of Homeland Security Next item, Good morning. May it please the court. My name is David Stoller. I'm a private attorney in Orlando, Florida, and I represent Yosbel Calderon-Martinez, his wife and his son. The case involves a complaint that was filed before the district court in Orlando, trying to challenge a determination by United States Citizenship and Immigration Services that it did not have jurisdiction to consider the application for adjustment of status filed by these individuals under the Cuban Adjustment Act. This goes back to a question of whether or not, under the regulations, that whether these individuals are arriving aliens. So these folks came to the United States, they crossed the border illegally, they were caught soon thereafter, they were taken into custody by Customs and Border Protection, and they were subsequently released on what's called a Form I-220A, an order of release on recognizance. The way that – Let me back up for a second. Did they enter the United States at a port of entry? They did not. Doesn't that mean that they can't be arriving aliens? Now, set aside what that means for the jurisdictional question, but doesn't that itself establish that they weren't arriving aliens? Here's how I look at this, is that the arriving alien regulation has to be looked at in context of the Immigration and Nationality Act. When you take a look at Section 1225, which is the provision that talks about expedited removal, if people are caught, even if they've crossed the border illegally, they are treated for purposes of 1225 under the expedited removal provisions. And when you take a look at all of this, this all funnels people into a situation as if they were at a port of entry. Yes, I understand that they did cross the border illegally, that they did not approach a port of entry, but they're charged in a way as if they were because of this funneling effect of how Section 1225 works. And because the funneling effect brings everybody back to a position as if they were at the port of entry, nothing in the charging document conflicts with the argument that we're making. A lot of the case law that talks about things kind of tangential to this is consistent with the argument that we're making. The one part of this that I can understand there's some conflict is whether or not they're arriving aliens. That's utterly, that's the underlying context of this entire case. Are they or aren't they? And so, number one, in terms of jurisdictional issues, it's not a question about eligibility. So, I don't believe that there's a question regarding subject matter jurisdiction. And then, ultimately, the court decided that there was even a failure to state, they could be dismissed on a failure to state a claim. But if the whole underlying issue is whether or not these folks are arriving aliens, it's a legal issue. This is what the district court does. But all along, both the district court and the government have argued, hey, they're not arriving aliens. Why? Because we say they're not arriving aliens. Well, no, I think, I don't think it's because we say they're not. I think it's because the definition of arriving aliens includes arriving at a port of entry and everyone concedes that they didn't. But the regulation has to be read in context of the statute. What does the statute say? The statute that implements that arriving alien definition, section 1225, says if we can treat you as if you're subject to expedited removal, even if we catch you having crossed the border and not having knocked on the door at a port of entry. So if, if the, if the way that the enforcement operation works is consistent with people being detained at a port of entry, even if they crossed the border illegally, then the arriving alien definition should apply just as much to them as to somebody who actually arrived at a port of entry. I mean, the regulation can't exist outside of the context of the underlying statute through which it was implemented. Maybe, maybe it's just me, but I find that there's not a harder, more complicated area of law than immigration law. And it's complicated enough if we take everything by its terms. I think it becomes even more complicated and confusing if we try to say, well, because this, this, this candidate or this, this kind of type of arriver is treated in a similar way. So therefore we're going to qualify them as, as having that type of entry when really they don't. We do that all the time in the immigration law. I came to the United States illegally 10 years ago. I'm applying for residency. How do they treat me? As if I'm at the port of entry knocking on the door, asking for admission. We get the functional equivalent of the border. Let me ask a question slightly differently. These folks were already in removal proceedings before an immigration judge, right? Subsequent to their arrival. Subsequent to having come in, in an unlawful manner at El Paso, from Mexico to El Paso. Whatever else they did, they didn't check in at a point of entry. Correct. They entered without any entry notice to the United States and they were busted. They were arrested upon entering unlawfully somewhere in or about El Paso. Right? Yes. Yes. Sorry. After they were arrested, they were paroled out. No. What happened to them? What happened once they were arrested? The parole makes it even more confusing. What happened when they were arrested? At this time, this is what they were doing with Cuban nationals. They gave them what's called a Form I-220-A, a release on recognizance. Okay. So they had a release on recognizance. They went out into the community and as I understand it, they were given a date to come before an immigration judge for a hearing. Do I have that right? You have that correct. They didn't show up. Because they didn't get notice, but you're right. They didn't show up and so the immigration judge proceeded to order them removed.  So the case by this point was before the immigration court. Yes. The immigration judge. Still is. It wasn't USCIS. It was the immigration judge. So there was and is a proceeding pending before the immigration judge. Yes, Your Honor. I thought the law was clear and unambiguous that if an alien has been placed into a removal proceeding, the immigration judge hearing the proceeding has, quote, exclusive jurisdiction to adjudicate any application for adjustment of status that the alien may file. Have I misunderstood that? You got it right, except for the exception. The exception is. So bear with me. The only exception would be if they were arriving aliens. You have it. So if they're not arriving aliens, you lose. Correct. This whole case is about whether or not they're arriving aliens. Let's just assume for purposes here that you can argue through six steps. You add 2, 2, 2. 2, 2, 2, you get 12 and you say, okay, even though they didn't enter at a point of entry, they really should be treated as if they really did enter. Let's just assume that for a moment. You say jurisdiction in the district court is pegged to the Administrative Procedures Act, right? Yes. Doesn't the APA require a final adjudication before the case is properly in court? It does. There was a final adjudication. There was? There was. If I'm right. I thought the USCIS denied the relief on the grounds that they didn't have jurisdiction. That's different. That's not a merits determination. A denial of jurisdiction says I don't have the power to entertain the case. Not I have the power. I have entertained it and you've lost on the merits. That wasn't a merits determination, was it? If that's right, how can you categorize that as a final determination? Certainly not on the merits anyway. If I'm right about jurisdiction and they denied it because of a lack of jurisdiction, that is the final decision. There is no jurisdiction to consider that argument before the immigration court, to appeal it to the Board of Immigration Appeals or to file a petition for review. If they are arriving aliens, USCIS and only USCIS has exclusive jurisdiction. It's just the opposite of the regulation. That's the way the two regs work. The regulation that talks about whether when USCIS has jurisdiction refers back to the regulation 1245.2 talking about whether the judge has jurisdiction and the CIS jurisdiction provision says if the court doesn't have it, we have it. The only agency that can make a determination on this, according to our argument, if they are arriving aliens, is USCIS. The federal court was the only place for us to go under the APA. There's no place to exhaust. The regulation makes clear there is no appeal of a denied I-485. You can renew that application before an immigration judge, but you can't renew an application before an immigration judge where exclusive jurisdiction over that application rests with USCIS. At the end of the day, what our argument about or what our claim is in the proceedings below is whether or not they're arriving aliens. There's no other place to make that determination because if we're right, then the immigration court does not have the authority to consider the case. I return back to the... As you say, we have a 1 plus 1 and a couple things add up to 12 to get to where we want to go. That's exactly what the roadmap is of the case. Ultimately, the judge dismissed the case under the guise that these folks are not arriving aliens because I said they're not arriving aliens, reading the same regulation that we're all reading. We believe there's argument in the Immigration and Nationality Act, this whole funneling concept that I've explained both in the brief and also today that brings all these people back to the point of being considered at the port of entry when they were processed. Walk me through that, please, step by step. I read 8 CFR section 1.2 as defining arriving alien as an applicant for admission coming or attempting to come into the United States at a port of entry or an alien seeking transit through the United States at a port of entry or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port of entry and regardless of the means of transport. How do you get out of that? You get out of that by looking at the Immigration and Nationality Act. Really specific, what section of the act are you looking at? 8 USC 1225, I think it's B is the provision dealing with how at the border, how enforcement deals with people that have come into both a port of entry and also people who have gone and entered the United States between ports of entry. What's the very specific language that you're citing there? The specific language of the statute that talks about that? In the complaint, we run through the statute line by line provision by provision going from point A to point B I see my time is up. Can I respond? Answer the question?  Pardon your honor, maybe I can do it back on rebuttal. I can look for it. We're looking at the documents prepared by the immigration authorities. We're looking at the statute. The regulation, of course, is part of that discussion. But it all has to coalesce and make sense. The deal is that the way that the statute is written these folks were processed under 8 USC 1225 not under the next provision which is 1236. So for that reason, we believe that as this funneling effect of the statute the way that the provision reads is to bring people both at the port of entry who don't have proper documents or who have engaged in some type of actionable immigration fraud. It brings these people that have entered past the port of entry into the same purview as if they had lined up and knocked on the door at the port of entry. Last question, does that if we're supposed to read if we're supposed to interpret the term arriving alien more broadly why does 8 CFR 1245.2 A11 set aside other than as an arriving alien? I mean this term is used very specifically in a lot of spots. Okay, this is going to take a minute. The thing is what we're looking at is the 1996 version under the IRA, the illegal immigration reform and immigrant responsibility act of 1996. Before that we had exclusion proceedings and deportation proceedings. Under the old law it was clear that if you were in exclusion proceedings, knocking on the door, asking to come in that jurisdiction over an application for adjustment of status always rested with USCIS. Then IRA IRA comes into effect and now instead of two people two types of people we have three types of people. People that knock on the door, people that enter at a point or that are present without being inspected or paroled and people who have been admitted and are otherwise subject to deportation. So my clients are in that group that was created as part of IRA IRA. All these regs are trying to use kind of some of the old concepts into this new law and make things kind of make sense and there's some overlap in some parts of it that don't really jive with the way we used to do things and they are kind of confusing. I would agree with that. But unfortunately as you say with immigration law there's exceptions to the exception and there's exceptions to those. I just think that the only way to read the regulation is consistent with the statute and the way that the statute is drafted, it's drafted in this way as I say again this funneling effect to bring everybody back. I think I've got your argument. Good morning. Zachary Carden for the United States. The district court the panel should affirm the district court's ruling because the district court did not have jurisdiction for three reasons. First the exclusive means for judicial review of a removal order is through a petition for review. It goes from the immigration judge to the board of immigration appeals to the relevant circuit court. The district court does not have jurisdiction over when removal proceedings have already started. Second, there is no final agency action. The immigration judge can give appellant the exact the exact relief that he is seeking in his adjustment of status. Therefore there is no final therefore plaintiff did not exhaust all of the administrative remedies. Third appellants are not arriving aliens specifically arriving aliens are only people that are confined to either have been interdicted in the water or they have been arrived at a port of entry. Council concedes that they did not arrive at a port of entry. Thus they are not arriving aliens. That makes them non-arriving aliens. The statute dictates that non-arriving aliens, the immigration judge has exclusive jurisdiction over non-arriving aliens. The district court does not have as the court pointed out in Ibarra there is no there is no concurrent jurisdiction between the immigration judge and the district court judge. Am I correct that the removal proceedings that the removal the Martinez's removal orders were rescinded in June 2022? Yes your honor the when USCIS made the decision he was under a final removal order. So I thought that their complaint was filed in January 2023. That is correct your honor. When plaintiff petitioned USCIS that was before. When plaintiff petitioned USCIS for the adjustment that was on August 17, 2021 when the final order of removal was still in place. Is adjustment of status a challenge to a removal order or is it an indirect challenge to the removal order? Let me follow up and ask it this way. There is a proceeding pending now before the IJ. Did the petitioner seek and is it pending now before the IJ an application for adjustment of status? Yes the petitioner has a master calendar set for April 23, 2026 in front of the immigration judge. But what I'm asking specifically is whether this petitioner in front of us now have they sought adjustment of status in front of the IJ? No they have not and that is the proper procedure as my counsel has said. So the answer is it's open. It could be filed there but it has not yet. Yes your honor. The funneling procedures of the INA dictate that certain aliens go to USCIS other aliens go to the immigration judge. An adjustment of status creates a situation where the immigration judge will no longer have jurisdiction over an alien in removal proceedings. The review is to go the process the funneling process is to go to is after the IJ is to go to the board of immigration appeals and then the relevant circuit court. As the court said once removal proceedings are pending the exclusive jurisdiction remains with the immigration judge. This is a indirect attack on the removal proceedings in front of the immigration judge. We would get to a situation where there would be inconsistent results between the district court and the immigration judge and the district court as a court of limited jurisdiction was correct in following that he had no jurisdiction to interfere with an alien who was currently in removal proceedings. I take it there would be no risk of inconsistent results between the IJ addressing adjustment here for status and anything the district court might rule because they haven't made that application before the IJ. Without an application the IJ is not going to sue Esponte. Is he going to address whether the status of these aliens should be adjusted? No, but the proceedings there are current proceedings in the immigration court. He can make all the arguments that we spoke about with who is an arriving alien, who is not an arriving alien in front of the immigration judge. To return to my question about timing if there is not currently a removal order then does 1252 A5 apply because that strips jurisdiction from district courts for the review of an order of removal? Yes, Your Honor. When this case started there was a final removal order. But 1252 A5 and 1252 and 1255 G would still apply that the district court that the jurisdiction belongs to the immigration judge because the removal proceedings are open. So if the removal proceedings, if there was a removal order you're saying at the time that they filed with USCIS we would continue to think that under that statute the district court was stripped of jurisdiction because the removal order used to be in place? Correct, Your Honor. Do you have any cases that say that? Again, Ibarra says that once there is removal proceedings the IJ has exclusive jurisdiction. But that's a different provision. So are you saying that 1252 A5 still bars it or that it's barred for other reasons? The command of 1252 A5 is a broad bar. It says that any question of law or fact related to a removal proceedings belongs to the immigration judge. So I guess they would say we're not saying anything about our removal proceedings what we're saying is we'd like an adjustment of status and presumably if they received such an adjustment of status they would take that back to the IJ and say hey you can't remove us we have this status. Is that a direct attack on their removal or an indirect? Your Honor I think that is an indirect attack but it is still barred by 1252 A5 and also 1252 G speaks to the point of the importance of exclusive jurisdiction. But doesn't 1252 G limit review of cases, it limits review to cases arising from decisions to commence proceedings, adjudicate cases or execute removal orders, right? Yes, Your Honor. Removal proceedings have already commenced in this case. Thank you. Help me understand what the USCIS did in denying the petitioner's application. Was that a denial on the merits or was that a denial for want of subject matter jurisdiction? That was a denial for want of subject matter jurisdiction because 8 CFR 1245.2 says that there is exclusive jurisdiction for aliens and removal proceedings. Is that a final order subject to review by a district court on the APA? No, it would need to go to the Board of Immigration Appeals and then the Because there had been no adjudication on the merits of the application for adjustment of status, is that the reason? Yes. Why wasn't that a merits determination properly appealable from the USCIS to district court? Your answer is no, because whatever else may be murky about the immigration law, the APA is crystal clear and has been for five decades that the only way you can appeal under the APA is you have a final determination. If there's nothing final about the determination made by the USCIS, it's simply not appealable under the APA because it's not final, right? Correct. Was there any finality to this determination by the USCIS if indeed their determination was simply a determination about jurisdiction? The power to hear the case? No, Your Honor. The USCIS said that they were non-arriving aliens because they only have exclusive jurisdiction over arriving aliens. Because appellant did not arrive at a port of entry and did not be interdicted in water, they were non-arriving aliens. Hence, USCIS does not have jurisdiction over non-arriving aliens. Thank you. Just to sum up, Your Honors, the funneling procedures require the funneling procedures require that a petition for review is limited, that judicial review is limited to a petition for review. Appellant can get can have the merits determination and all the review he seeks in front of the immigration judge but not in front of the district court. Thank you. Mr. Stoller, can I ask you a question at the outset? You're on my time, not yours. Yes, sir. There is a proceeding pending before the IJ. Can you go to the IJ tomorrow or at any point in the foreseeable future and apply for an adjustment of status before the IJ? And completely change my argument? Yes, I can. I'm just asking you, can you go there and make that could you make the petition for adjustment of status in that forum rather than this forum? I can. And if indeed you did that and the IJ ruled against you you could then perfect two levels of appellate review. You could go to the Board of Immigration Appeals and say the IJ screwed up, he misapprehended the meaning of an arriving alien and get relief there. And if you failed you struck out there, then you would have an automatic right of appeal to this court. Right? To make the same argument I'm making here? Yes, the question is whether you're making it procedurally through the right vehicle. That's all we're talking about. Yes. But you can come here by going to the IJ, etc. So let me ask you, if this court would rule that as a matter of jurisdiction you lose wouldn't you proceed right back before the IJ and say, well I lost because it was the wrong vehicle to get to the circuit but I'm entitled to an adjudication on the merits of adjustment of status. Let's adjudicate it Mr. IJ or Madam IJ. You'd say that, right? You wouldn't say the issue was res judicata it was over. Once the circuit said there was a lack of jurisdiction you were shut out of the IJ as a forum would you? That's correct. I could make the exact same argument So is it your view then, boiling it down to its essence, that you have the choice of switch hitting, you can go from the left side of the plate or the right side of the plate and either seek review before the USCIS on Monday or before the IJ and the Justice Department on Thursday. That's your call. That's not my view. My guys are My clients are arriving I'm asking a simple question Yes. Is it your view that you can perfect a petition to adjust your status in two different fora? No. Either before the IJ or before the USCIS? I agree with my colleague. There's exclusive jurisdiction depending on the status of the alien. So you couldn't go back to the IJ and say adjust status because I just heard you say I'm not trying to trap you. I'm just trying to understand whether you have two choices or only one. Your Honor, the problem is that you're asking me can I make an application. Sure. I can file an application. But my argument telling the IJ that he or she has jurisdiction over my application would have to go 180 degrees from what I'm arguing here in order to get the judge. So if I understand the heart of your argument it is you only have one way to go and that's through the USCIS Because my clients are arriving aliens. I've got it. Thank you. Do arriving aliens have procedurally or substantively I guess a better chance at receiving adjustment of status? My time is up. May I answer the question? In a case like this, I don't think it matters. And again, I go back to this whole context. There's been a lot of argument about how we're trying to challenge an order of removal. We go back under the old days when I first started in 96 as an attorney. Cuban nationals would come in. In these circumstances they would be paroled, placed in exclusion proceedings be ordered to be excluded and then file an adjustment application with the INS back then and get granted adjustment over the order of removal. It's an ongoing application for adjustment. So even if a judge orders somebody to be removed from the United States, they can still after that order, if they're arriving aliens go to USCIS and ask for adjustment of status. So the whole underpinning of this case is are they or aren't they? The district court said they're not. Dismissed. Without allowing me to litigate the issue. All I'm asking for is for this court to vacate that order, send it back to the district court and let's figure out whether they're arriving aliens or not. The substance of that issue is not before the court. It's only whether or not the court has jurisdiction to consider it. I understand the exhaustion issue and whether or not these folks are indeed arriving aliens. Do you think there's any, do you think there's an argument that, for the purposes of this question, let's say they're not arriving aliens. Do you think that that's a jurisdictional bar definitely rather than a stated claim? If they're not arriving aliens, then I have a, if they're not arriving aliens, then I have a jurisdictional bar. Because CIS made a decision on, it's a 1252B, a 1252 A2B problem because it's a discretionary, it's like Patel. It's a discretionary determination made by the agency. I can't go to the district court and ask the court to review that. I can't ask the district court to review the substance of a denial of an I-45. I'm not asking the district court to do that. All I'm asking the district court to do is tell me whether my clients are arriving aliens. Yes or no? So as I understand it, there's really only one question in this court of appeals today. Whether or not you're an arriving alien. Substantively, that's the question for the district court to determine. Well, the district court did make that determination. The district court said you're not an arriving alien. Here's how I read the law. You lose no jurisdiction. Sure. That's the only question for us. That's it. If we agree that you're not an arriving alien based on the definition, the textual definition, you're out of luck. At least on this form. You wouldn't be out of luck. You could go right back to the IJ and make your adjustment application. I could make the adjustment application but only if they're not arriving aliens. You're right. But you could still go to the merits of adjustment of status, whether an arriving alien or not. The only issue is what the forum is to do with. That's correct. Okay. Thank you. Thank you. Thank you, counsel.